IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK FLEETWOOD ET AL, <br><br> Plaintiffs, <br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | **NO. 2:20-CV-00355-SAB** <br><br> PLAINTIFFS' MOTION TO REMAND <br><br> 11/25/2020 6:30 PM <br><br> WITHOUT ORAL ARGUMENT |

## I.    INTRODUCTION & SUMMARY OF ARGUMENT

Defendant's removal is classic example of a litigant attempting to have its cake and eat it too. For while Defendant can remove (most of) Plaintiff's case to this Court it cannot (as it attempts to do here) reserve its Eleventh Amendment immunity defense. (ECF No. 1, pg. 3, ¶8) Accordingly, the Court should remand the case to state court given Defendant's refusal to waive its Eleventh Amendment

MOTION FOR REMAND - 1

defense as allowing it prosecute its defense in this Court would confer WSU with an improper tactical advantage.

Alternatively, the Court should remand the Washington State Administrative Procedures Act (APA) to the Whitman County Superior Court as that matter has been briefed at the state court level, is ready for consideration, and it is unclear whether a federal court has jurisdiction over a state law APA matter.

## II.    ARGUMENT

### A.    Defendant waived its Sovereign Immunity defenses.

Defendant contends its removal does not waive its sovereign immunity defenses. (ECF No. 1, pg. 3, ¶8) Defendant is incorrect because "a State may waive its sovereign immunity by consenting to suit." *In re Lazar*, 237 F.3d 967, 976 (9th Cir. 2001)(*citing College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 119 S. Ct. 2219, 2223 (1999); *Clark v. Barnard,* 108 U.S. 436, 447–48 (1883)). A state consents to a suit when it voluntarily invokes federal jurisdiction. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). When a state voluntarily invokes federal jurisdiction (like it has done here) it waives sovereign immunity because holding otherwise would allow the state the unfair tactical advantage removing the case to federal court and then dismissing the case on sovereign immunity grounds. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 614 (2002).

MOTION FOR REMAND - 2

Since Defendant has removed the case but has not waived sovereign immunity the Court should remand this case to state court so as to deprive the Defendant of the tactical advantage it seeks.

### B.    The APA claim should be remanded.

Plaintiff pleads an RCW 34.05 Administrative Procedures Act (APA) claim against the State of Washington. (ECF No. 1-2, §III – Count One – Violation of the Washington Administrative Procedure Act) The APA allows "Washington state courts…to review [a state agency's] adjudications." *Phillips 66 Co. v. Sacks*, 409 F. Supp. 3d 972, 990–91 (W.D. Wn. 2019). The APA process involves the state agency (here WSU) making a final agency decision and the aggrieved party (here Fleetwood) timely appealing the agency's decision to a superior court. RCW 34.05.510.  Thereafter the superior court reviews the agency's decision as if it is sitting in an appellate capacity. RCW 34.05.570.

Here WSU issued a final agency decision adverse to Fleetwood. (ECF No. 5, PGID 154 *citing* 2/21/2020 Appeals Board Decision) Fleetwood timely appealed that action to the Whitman County Superior Court. (ECF No. 5, PGID 99 *citing* Civil Case Cover Sheet filed 3/13/2020) The Whitman County Superior Court then issued a briefing schedule as to the APA issue. (ECF No. 5, PGID 192-193 *citing* 5/12/2020 Administrative Scheduling Order) All briefing in the APA matter is complete. (ECF No. 5, PGID 544 – 577, 708 – 730, 769 - 788 *citing* 7/30/2020

Fleetwood's Opening Brief; 9/21/2020 Defendant's Response Brief; 10/7/2020 Fleetwood's Reply Brief)

Since the APA matter has been briefed[1] authority exists under *Younger v. Harris* to remand this claim to the Whitman County Superior Court. The *Younger* doctrine "forbids federal courts from staying or enjoining pending state court proceedings" and exists, in part, to "avoid federal court interference with uniquely state interests such as preservation of these states' peculiar statutes, schemes, and procedures." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 41 (1971). The "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Phillips 66*, 409 F. Supp. 3d at 993. Once the court undertakes that four-part test it determines the practical effect of enjoining the state court proceedings and whether a *Younger* exception applies. *Phillips*, 409 F. Supp. 3d at 993.

---

[1] Not only has the APA matter been briefed, but it was subject to an unsuccessful motion to dismiss at the state court level. (ECF No. 5, PGID 190-191 *citing* 5/7/2020 Order Denying Motion to Dismiss)

MOTION FOR REMAND - 4

Regarding point (1), the APA action regarding Fleetwood and WSU is ongoing. The matter has been fully briefed with the petition for review being filed but awaiting oral argument and a final decision. Regarding point (2), "quasi-criminal enforcement actions…are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Phillips,* 409 F. Supp. 3d at 994. Here WSU found Plaintiff at fault for violating WSU Executive Policy 15, a finding that resulted in Fleetwood receiving sanctions from WSU as well as loss of his ROTC scholarship. (ECF No. 5 PGID 429-430 *citing* 12/16/2019 EP 15 violation letter) Regarding point (3), the APA matter involves the important state interest of regulating student conduct at the State's universities. *See id.* Regarding point (4), there is nothing preventing WSU from asserting any federal arguments in the state court action. Indeed, the APA allows the superior court to determine whether an agency action was unconstitutional. RCW 34.05.570(4)(c)(i).

Since Fleetwood satisfies points (1) – (4) the Court must assess the practical effect of applying *Younger* and determine if exceptions to that doctrine exist. Such exceptions are narrowly construed and require a showing of bad faith, harassment or some other extreme circumstance. *Phillips,* 409 F. Supp.3d at 996 (citation omitted). The practical effect of applying *Younger* here would be to allow Fleetwood to get resolution on the APA matter that has been fully briefed and

awaiting oral argument and a decision. Further, Fleetwood's request that the APA claim be remanded under *Younger* is not brought in bad faith or for the purpose of harassing WSU.

### III.    CONCLUSION

Plaintiff's motion should be granted.

DATED this October 26, 2020.

*s/ Matt Crotty*
Matthew Z. Crotty, WSBA 39284
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA  99201
Telephone:  509-850-7011

MOTION FOR REMAND - 6

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

Dated this October 26, 2020.

> /s Matthew Crotty
> MATTHEW Z. CROTTY
> Crotty & Son Law Firm, PLLC
> 905 West Riverside, Suite 404
> Spokane, WA 99201
> Telephone: 509.850.7011