**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PATRICK FLEETWOOD ET AL, <br><br> Plaintiffs, <br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | NO. 2:20-CV-00355-SAB <br><br> PLAINTIFFS' MOTION TO REMAND REPLY BRIEF <br><br> 11/25/2020 6:30 PM <br><br> WITHOUT ORAL ARGUMENT |

Despite Defendant's attempt to factually distinguish *Lapides* the legal principal announced in that case remains the same *a la* "the general legal principle requiring waiver ought to apply" unless "there is something special about removal." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620 (2002)(*citing Wisconsin Dep.t of Corr. v. Schacht*). *Lapides* found there was nothing inherently "special" about that case's removal - - a removal involving both state tort law claims

REPLY BRIEF RE MOTION FOR REMAND - 1

as well as a § 1983 claim. *Id.* at 621. By analogy, there is nothing inherently "special" about the removal of this case. Plaintiffs do not dispute Defendant's ability to remove the case to this Court but only Defendant's desire to maintain its 11th Amendment Immunity to Plaintiff's claims. And while *Lapides* noted that a §1983 claim may not exist against a State because a State is not a "person" under §1983 it nevertheless held "that removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum." *Lapides,* 535 U.S. at 624. Accordingly, in the event the Court does not remand the case to state court the Court should, at a minimum, rule that Defendant waived its immunity defense to all of Plaintiff's claims except the § 1983 due process claim. (ECF No. 1-2, p. 72, *citing* count 7, § 1983 Due Process)

As it relates Plaintiff's motion to remand the Administrative Procedures Act (APA) claim to state court, Defendant argues that remand is improper under *Younger* because the APA claim is "not ongoing because it was removed to federal court." (ECF No. 9, pg. 8). Defendant cites *IndyMac Venture, LLC v. Silver Creek Crossing, LLC* 2009 WL 3698513 (W.D. Wn. 2009), *Village of Depue, Ill. v. Exxon Mobil Corp.,* 537 F.3d 775 (7th Cir. 2008), *Benas v. Shea Mortg. Inc.*, 2011 WL 4635645 * 2 (S.D. Cal. 2011), *Nielson v. Armstrong Consultants Inc.*, 2011 WL 13228456 * 7 (D. Ariz. 2011) and *Greenwood Park v. Park County*, 2008 WL

REPLY BRIEF RE MOTION FOR REMAND - 2

11414601 * 1 (D. Montana 2008) in support of the argument that *Younger* does not apply because the APA claim is not ongoing. (ECF No. 9, pg. 8-9) Those cases from 2008, 2009, and 2011 do not control because they were decided <u>before</u> the Ninth Circuit's 2017 *Nationwide Biweekly Admin., Inc. v. Owen* decision which held, for the purpose of *Younger,* that "[s]tate proceedings are 'ongoing' if they are initiated 'before any proceedings of substance on the merits have taken place in the federal court'" - - - which is what happened here. *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017)(citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).

Plaintiffs "initiated" the APA claim on March 13, 2020. (ECF No. 5, PGID 103)  Plaintiff served Defendant with discovery on April 8, 2020. (ECF No. 5, PGID 188)  The state court denied Defendant's motion to dismiss the APA claim on May 7, 2020. (ECF No. 5, PGID 190) The state court issued an "Administrative Scheduling Order" regarding the APA claim on May 12, 2020. (ECF No. 5, PGID 192 – 193) Defendant filed a motion to seal certain records relating to the APA claim on June 10, 2020. (ECF No. 5, PGID 195) The Court granted Defendant's motion to seal on June 24, 2020. (ECF No. 5, PGID 201 - 204) Defendant filed the "Agency Record" in the state court on June 30, 2020. (ECF No. 5, PGID 207 – 208) From July 30, 2020 through October 7, 2020 the parties complied with the Administrative Scheduling Order by filing an opening brief, a response brief, and a

REPLY BRIEF RE MOTION FOR REMAND - 3

reply brief. (ECF No. 5, PGID 544 – 577, 708 – 730, 769 - 788 *citing* 7/30/2020 Fleetwood's Opening Brief; 9/21/2020 Defendant's Response Brief; 10/7/2020 Fleetwood's Reply Brief) Unquestionably, Plaintiff "initiated" and then prosecuted the APA claim months before Defendant removed that claim to this court. By way of comparison, no proceedings of any substance have occurred in this Court.

Accordingly, since the APA claim was "ongoing" before its removal to this Court and since this Court has not conducted anything of substance on the merits of any of Plaintiff's claims the Court should remand the APA claim to the Whitman County Superior Court.

Plaintiff's motion should be granted.

DATED this November 23, 2020.

*s/ Matt Crotty*
Matthew Z. Crotty, WSBA 39284
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA  99201
Telephone:  509-850-7011

REPLY BRIEF RE MOTION FOR REMAND - 4

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties, if any, shall be served in accordance with the Federal Rules of Civil Procedure.

Dated this November 23, 2020

>  /s Matthew Crotty
> MATTHEW Z. CROTTY
> Crotty & Son Law Firm, PLLC
> 905 West Riverside, Suite 404
> Spokane, WA 99201
> Telephone: 509.850.7011

REPLY BRIEF RE MOTION FOR REMAND - 5