FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2021

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PATRICK FLEETWOOD and MICHAEL FLEETWOOD,
Plaintiffs,
v.
WASHINGTON STATE UNIVERSITY,
Defendant.

No. 2:20-CV-00355-SAB

**ORDER REMANDING STATE APA CLAIM**

Before the Court are Plaintiffs' Opening Brief Re: APA Claim, ECF No. 21, and Defendant's Motion to Strike Declaration of Matthew Crotty, ECF No. 23. These motions were considered without oral argument. Plaintiffs are represented by Matthew Crotty. Defendant is represented by Debra Lefing and Brian Baker. Having reviewed the briefing and the applicable caselaw, the Court remands Plaintiffs' claim under the Washington State Administrative Procedure Act to the Whitman County Superior Court and dismisses the pending motions as moot.

**Facts**

The facts of this case are not particularly relevant to the present motions. Thus, they are only briefly summarized here.

In the fall of 2018, Plaintiff Patrick Fleetwood was a fourth-year ROTC cadet at Defendant Washington State University ("WSU"). During late November or early December 2018, Plaintiff began a relationship with a first year ROTC

cadet ("C.P." for Complaining Party). The relationship ended soon after. In January 2019, C.P. stated that Plaintiff seemed to want to rekindle the relationship, but became hostile towards her when she refused.

On January 18, 2019, C.P. filed a complaint with WSU ROTC against Plaintiff. That same day, WSU ROTC forwarded C.P.'s complaint to WSU's Office of Equal Opportunity ("OEO")—WSU OEO Investigative Assistant Cheryl Rose reached out to C.P. about filing a Title IX complaint through the Office of Community Standards.

On January 22, 2019, ROTC Lieutenant Colonel Brendan Hobbs informed Plaintiff that he had requested a Commander Inquiry and formal Title IX investigation into Plaintiff's behavior between December 2018 and January 2019 and ordered Plaintiff to cease any communication with C.P. On June 13, 2019, WSU OEO delivered an Investigation Report, which found Plaintiff responsible for violating WSU Executive Policy 15 Prohibiting Discrimination, Sexual Harassment, and Sexual Misconduct ("Executive Policy #15") based on C.P.'s claims.

On December 5, 2019, Plaintiff met with WSU Director of the Center for Community Standards and University Conduct Officer, Karen Metzner, in her office for his WSU formal Conduct Board hearing. However, Plaintiff alleges that no one else was present at the meeting and that he was neither given the opportunity to cross-examine witnesses nor to review the file containing the June 13, 2019 investigative report. Then, on December 9, 2019, an Army Disenrollment Board held a hearing on Plaintiff's case, which included presentation of evidence, credibility determinations, and direct and cross-examination of witnesses, which lasted over 10 hours.

On December 16, 2019, WSU—based on Ms. Metzner's investigation and meeting with Plaintiff—found Plaintiff responsible for violating three community standards regarding sexual harassment, violation of university policy, and abuse of

the student conduct system by discouraging participation in the investigation and reporting. Also, on December 19, 2019, WSU Army ROTC informed Plaintiff that he had breached the terms of his ROTC contract in part due to his undesirable character as evidenced by his violation of WSU Executive Policy #15. On August 13, 2020, the Army officially disenrolled Plaintiff from ROTC and required that he repay the $32,617.63 he owed in scholarships.

On January 5, 2020, Plaintiff appealed the December 16, 2019 finding to WSU's University Appeals Board. On February 21, 2020, WSU's Appeals Board upheld the finding, though did not provide a written explanation for its decision.

**Procedural History**

Plaintiff filed a complaint in the Whitman County Superior Court in March 2020. ECF No. 5 at 6. He alleged that WSU's Appeals Board decision, affirming the December 16, 2019 determination that Plaintiff's actions violated WSU Executive Policy #15, was a misapplication of the law and not supported by substantial evidence, thereby violating the Washington Administrative Procedure Act ("state APA claim"). *Id.* at 10-21. WSU filed both its Answer and a Motion to Dismiss Count One of Plaintiff's Complaint on April 2, 2020. *Id.* at 33, 42.

Judge Gary Libey of the Whitman County Superior Court denied WSU's Motion to Dismiss on May 7, 2020. *Id.* at 94-95. The court then issued an Administrative Scheduling Order on May 12, 2020. *Id.* at 96-97. Because Plaintiff sought review of WSU's administrative decision, the state court set deadlines for the filing of the agency record and the parties' briefing on the issues. *Id.* On June 30, 2020, Ms. Metzner filed the certified agency record with the state court. *Id.* at 111. On July 31, 2020, Plaintiff filed his Opening Brief, as per the Administrative Scheduling Order. *Id.* at 448. But on August 19, 2020, Plaintiff filed a motion to amend the complaint to add federal law claims, including claims under the First Amendment, Fourteenth Amendment, and Title IX. *Id.* at 483-488. The court granted the motion to amend on September 2, 2020. *Id.* at 577. WSU filed its

Response Brief on September 21st, 2020, and its Answer to Plaintiff's Amended Complaint on October 5, 2020. *Id.* at 612-34, 637. On October 2, 2020, WSU filed a notice of removal of the case to federal court. ECF No. 1.

On October 26, 2020, Plaintiff filed a Motion to Remand with this Court. ECF No. 7. On January 21, 2021, the Court denied the motion, stating that Defendant could not assert Eleventh Amendment immunity after voluntarily removing the case to federal court and that *Younger* abstention did not apply because there was no longer an ongoing state proceeding post-removal. ECF No. 11. The Court then set a jury trial date of June 6, 2022. ECF No. 15. The Court also directed the parties to refile any motions that had been pending in state court on which the parties required a ruling. ECF No. 17.

On March 5, 2021, Plaintiff filed his present motion for a ruling on his pending state APA claim. ECF No. 21. That same day, Defendant filed its present motion to strike the Declaration of Matthew Crotty ("the Crotty declaration"), which Plaintiff submitted in support of his motion. ECF No. 23; *see also* ECF No. 21-1 (the Crotty declaration).

**Legal Standard**

Wash. Rev. Code § 34.05.510 states that the Washington Administrative Procedure Act is "the exclusive means of judicial review of agency action."[1] The statute also states that, for proceedings involving institutions of higher education, the petitioner should file for state APA review "either in the county in which the principal office of the institution involved is located or in the county of an institution's campus if the action involves such campus." Wash. Rev. Code § 34.05.514(2). The Washington Supreme Court has clarified that this type of filing requirement merely relates to venue and does not affect subject matter

---

[1] The statute lays out three exceptions for when non-state APA judicial review is available, but none of them apply in the current case.

jurisdiction. *Dougherty v. Dep't of Lab. & Indus. for State of Washington*, 150 Wash. 2d 310, 316 (2003).

Venue for federal courts is generally governed by 28 U.S.C. § 1391. However, if a case is removed to federal court from state court, the Supreme Court has held that § 1391 no longer applies and the federal court must instead determine whether venue is proper under 28 U.S.C. § 1441(a). *Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953). § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Thus, venue in federal court is proper if the defendant removed the case to the district in which the state action was pending. *See Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). This is true even if venue was proper in the state court to begin with. *See Skillnet Sols., Inc. v. Ent. Publications, LLC*, No. C 11-4865 PSG, 2012 WL 692412, at *4 (N.D. Cal. Mar. 2, 2012).

Some courts have held that, if a defendant properly removes a case to federal court under § 1441(a), they waive any improper venue objections. *Id.* Other courts state that, "so long as a defendant did not take actions in the state court that would have amounted to a waiver of objection to venue, the removal to federal court does not waive such defense." *See Rudder Elec., Inc. v. Consol. Mgmt. Sols., Inc.*, No. 407-CV-0141-DFH-WGH, 2008 WL 53661, at *1 (S.D. Ind. Jan. 2, 2008).

Here, Defendant removed the case to federal court on the basis of federal question jurisdiction. *See* ECF No. 1 at 2. Thus, in order to decide the state APA claim, the Court must exercise supplemental jurisdiction over the claim under 28 U.S.C. § 1367. § 1367(a) provides that, if a case is in federal court on the basis of federal question jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action . . . that they form part of the same case or controversy under Article III of the United States

Constitution." Whether a state law claim forms the "same case or controversy" as the federal law claim is governed by the "common nucleus of operative fact" test. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

The Supreme Court has held that a federal district court can still validly exercise supplemental jurisdiction over a state law APA-type claim, even if the state statute specifically assigns judicial review of the claim to state court. *Id.* at 169; *see also id.* at 159 (stating that the Illinois Administrative Review Law assigned judicial review of final decisions of the municipal landmarks commission to state court). However, the Supreme Court also held that "depending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," a federal district court has discretion to decline to exercise supplemental jurisdiction over state law claims. *Id.* at 173. When declining to exercise supplemental jurisdiction, a federal district court must consider the values of judicial economy, convenience, fairness, and comity. *Id.*

**Discussion**

Here, Plaintiff's state APA claim is against Washington State University, an institution of higher education. Thus, Wash. Rev. Code § 34.05.514(2) provides that the proper venue for the claim is either the county where WSU's principal office is located or the county where WSU's campus is located. Plaintiff filed his original complaint in Whitman County Superior Court, where WSU is located. ECF No. 1-2. Thus, venue for Plaintiff's state APA claim was proper in Whitman County Superior Court.

However, in September 2020, Plaintiff amended his complaint to add in federal claims under the First Amendment, Fourteenth Amendment, and Title IX. Thus, Defendant removed the entire case to federal court in October 2020 on the basis of § 1331 federal question jurisdiction. Under § 1441(a), Defendant's removal to federal court was proper because (1) the Court had original jurisdiction

over Plaintiff's federal law claims and (2) Whitman County is in the Eastern District of Washington. Therefore, because Defendant's removal satisfied § 1441(a), this Court is the proper venue for Plaintiff's case—including his state APA claim—even though venue was initially proper in the Whitman County Superior Court. *See Skillnet Sols., Inc*, 2012 WL 692412 at *4.

Despite its own choice to remove the case to federal court, Defendant now raises what amounts to an improper venue objection to this Court deciding Plaintiff's state APA claim. ECF No. 27 at 2-4.[2] Defendant argues that, though the Court has supplemental jurisdiction over the state APA claim under the common nucleus test, the Court should decline to exercise it because Wash. Rev. Code § 34.05.514(2) specifically assigned judicial review of this type of claim to state court. *Id.* In response, Plaintiff argues that Defendant waived any improper venue objections by, first, removing Plaintiff's case to federal court and, second, opposing Plaintiff's motion to remand the case back to state court. ECF No. 28 at 19-20.

The Court finds that Defendant waived any objections to improper venue. Though courts are split on whether a defendant's choice to remove to federal court *automatically* waives any improper venue objections, even courts that err on the side of no automatic waiver find that a defendant can only maintain improper venue objections if the defendant does not take actions that amount to waiver. *See Rudder Elec., Inc.*, 2008 WL 53661, at *1 (S.D. Ind. Jan. 2, 2008).

In this case, Defendant opposed Plaintiff's motion to remand the case back to state court. ECF No. 9. Specifically, Defendant argued that the Court should not

---

[2] The arguments in Defendant's brief technically argue that the Court lacks jurisdiction to hear Plaintiff's state APA claim. ECF No. 27 at 2-4. However, this argument is foreclosed by the Supreme Court's decision in *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997).

remand because the Court (1) had valid original jurisdiction over Plaintiff's federal law claims and (2) could exercise supplemental jurisdiction over Plaintiff's state law claims, *including* Plaintiff's state APA claim. *Id.* at 5-7. Thus, allowing Defendant to now argue that the Court should not exercise supplemental jurisdiction over Plaintiff's state APA claim is counter to Defendant's previous representations to the Court.

However, in spite of Defendant's inconsistent litigation positions in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state APA claim. When deciding whether to exercise supplemental jurisdiction under § 1367, the Court considers (1) the circumstances of the case; (2) the nature of the state law claims and the governing state law; (3) the relationship between the state and federal claims; and (4) the values of judicial economy, convenience, fairness, and comity. *Int'l Coll. of Surgeons*, 522 U.S. at 173. Here, these factors weigh in favor of remanding the state APA claim back to Whitman County Superior Court.

For the circumstances of this case, when comparing the procedural history of the case in this Court with the procedural history of the case in state court, it is clear that Whitman County Superior Court had significantly more involvement. Prior to removal, Judge Libey already heard oral argument and issued a decision on WSU's Motion to Dismiss. ECF No. 5 at 94-95. Additionally, the parties had already submitted the complete agency record and almost completed briefing on Plaintiff's state APA claim before Defendant removed the case to federal court. *Id.* at 111, 448, 589, 612.

For the nature of the state law claims and the governing state law, Wash. Rev. Code § 34.05.514(2) specifically provides that petitions for APA review against state institutions of higher education should be heard in state courts. Additionally, in order to decide Plaintiff's state APA claim, the Court would have to review the complete agency record, which is 692 pages long. ECF No. 5.

//

With respect to the relationship between the state and federal claims, the extensiveness of the merits analysis required to decide Plaintiff's state APA claim also weighs in favor of remand. In his amended complaint, Plaintiff only asserts three federal claims: (1) WSU's Executive Policy #15 governing sexual harassment violates the First Amendment because it is vague, overbroad, and has a chilling effect on protected expression; (2) Defendant's procedures for finding that Plaintiff violated Executive Policy #15 violated Plaintiff's Fourteenth Amendment due process rights; and (3) Defendant violated Title IX by wrongly concluding that Plaintiff committed an offense and by selectively enforcing Executive Policy #15 against Plaintiff on the basis of gender. ECF No. 1-2 at 72-77. Though Plaintiff has not yet fully litigated these claims, it appears to the Court that they comprise a smaller portion of the case than does Plaintiff's state APA claim.

Finally, all the reasons already stated support that judicial economy, convenience, fairness, and comity weigh in favor of remand. Therefore, pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over Plaintiff's state APA claim and remands the claim to Whitman County Superior Court.[3] Additionally, because the Crotty declaration was submitted in support of Plaintiff's state APA claim, the Court dismisses Defendant's Motion to Strike as moot.

//

//

---

[3] The Court's decision to remand Plaintiff's state APA claim is not in conflict with its previous order denying Plaintiff's motion to remand. ECF No. 11. As discussed above, the Court's order denying the motion to remand only decided the issues of Eleventh Amendment immunity and *Younger* abstention. Here, the Court remands Plaintiff's state APA claim on the basis of declining to exercise supplemental jurisdiction under § 1367.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief Re: APA Claim, ECF No. 21, is **DISMISSED as moot**.

2. Defendant's Motion to Strike Declaration of Matthew Crotty, ECF No. 23, is **DISMISSED as moot**.

3. Plaintiff's claim under the Washington State Administrative Procedure Act is **REMANDED** to the Whitman County Superior Court.

4. The District Court Clerk is directed to enter this Order and forward this file with a copy of this Order to the Clerk of the Whitman County Superior Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 19th day of May 2021.



Stanley A. Bastian
United States District Judge